IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| BRANDY LYNN MARCINIAK, | ) | Bankruptcy No. 25-21140-JAD |
| | ) | |
| Debtor. | ) | Chapter 13 |
| | X | |
| | ) | Related to ECF No. 33 |
| ALLEGHENY COUNTY HOUSING AUTHORITY, | ) ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| -v- | ) | |
| | ) | |
| BRANDY LYNN MARCINIAK, and RONDA J. WINNECOUR, | ) ) | |
| | ) | |
| Respondents. | ) | |
| | X | |

**MEMORANDUM OPINION**

Before the Court is the *Motion Seeking Comfort Order* (the "Motion") filed by the Allegheny County Housing Authority ("ACHA"). The Motion is a core proceeding pursuant to which the Court has the requisite subject-matter jurisdiction to enter a final judgment. See 28 U.S.C. §§ 157(b)(2)(A), 157(b)(2)(G), 157(b)(2)(O), and 1334(b).

The Motion asks the Court to declare that the automatic stay never applied in this case by operation of 11 U.S.C. § 362(b)(22), and that ACHA therefore may proceed with eviction notwithstanding the Debtor's confirmed Chapter 13 plan and the Order Confirming Plan entered by this Court on July 28, 2025.

1

The Motion raises serious issues. It correctly notes that Congress, through § 362(b)(22), limited the automatic stay in certain residential eviction cases where a prepetition judgment for possession exists. It also correctly identifies errors made at the petition stage, including an incorrect response regarding the existence of a possession judgment and the Debtor's failure to file a certification under 11 U.S.C. § 362(l). Those facts are undisputed.

But the Motion filed by ACHA, in substance though not form, asks the Court to do something the Bankruptcy Code does not permit: to issue an order declaring that a final confirmation order—entered after notice, opportunity to object, and reliance by the parties—has no binding effect on ACHA's post-confirmation rights. Neither the text of the Code nor controlling precedent supports that result. The Motion must therefor be denied.

## I.

The relevant facts are not in dispute.

Prior to bankruptcy, ACHA commenced eviction proceedings against the Debtor with respect to a federally subsidized residential lease. On April 10, 2025, the parties entered a consent order in the Court of Common Pleas of Allegheny County. That order included a judgment for possession but expressly permitted the Debtor to remain in possession so long as she complied with specified payment terms. Possession, in other words, was conditional, not absolute.

On May 2, 2025, the Debtor filed a voluntary petition under Chapter 13. In her petition, the Debtor incorrectly answered "no" to the question asking whether a judgment for possession had been entered. She did not file the certification or deposit contemplated by § 362(l). Debtor's counsel has acknowledged the error and represented that it was not intentional. No party has alleged fraud, and no proceeding under 11 U.S.C. § 1330 was commenced.

On May 20, 2025, the Debtor filed a Chapter 13 plan. See ECF No. 19.[1] Section 6.1 of the plan expressly assumed the ACHA lease, identified the lease and the arrearage, and provided for cure of prepetition arrears and payment of ongoing rent through the Chapter 13 Trustee.

ACHA received notice of the plan and of the confirmation hearing. ACHA filed a proof of claim consistent with the arrearage identified in the plan. ACHA did not object to confirmation.

On July 28, 2025, the Court entered a final Order Confirming Plan. See ECF No. 25. The Order did more than confirm the plan in general terms. It specifically addressed the ACHA lease, adjusted the monthly rent prospectively, and directed the parties' future conduct in the event of rent changes.

Following confirmation, the Debtor made plan payments. The Trustee disbursed funds to ACHA, and ACHA accepted those payments.

---

[1] While the plan was filed on May 20, 2025, it is dated May 15, 2025.

Only after confirmation did ACHA file the present Motion. By the Motion, ACHA seeks a "comfort" order declaring that there is no automatic stay in this case and that nothing in this bankruptcy stands in the way of ACHA's eviction of the Debtor. Obviously, the Debtor opposes the Motion. On January 13, 2026, the Court had a hearing on the Motion and this Memorandum Opinion is the result of the Court's due consideration of the positions taken by the parties.

## II.

Section 362(b)(22) is self-executing subject to a temporal safe harbor found in § 362(l).[2] Section 362(b)(22) provides that the filing of a bankruptcy petition does not operate as a stay of the continuation of an eviction or unlawful detainer action involving residential property where the lessor has obtained a prepetition judgment for possession. Congress enacted the provision to prevent abuse of the automatic stay as a last-minute eviction shield.

But § 362(b)(22) answers only one question: whether the automatic stay applies at the outset of the case. It does not purport to govern confirmation. It does not strip debtors of their Chapter 13 rights to cure and reinstate obligations. And it does not override 11 U.S.C. § 1327(a), which provides that the provisions of a confirmed plan bind the debtor and each creditor, whether or not the creditor objected or accepted the plan.

---

[2] The parties agree that the Debtor did not comply with the requirements to be eligible for the § 362(l) safe harbor. As such, § 362(l) is not relevant to the disposition of the Motion.

4

The Bankruptcy Code thus establishes a temporal structure. Early in the case, enforcement rights may be governed by the stay or by statutory exceptions to it. After confirmation, rights are governed by the confirmed plan. The dispute before the Court turns on whether § 362(b)(22) operates as a permanent exemption from that structure. This Court holds that it does not.

### III.

The Third Circuit has long emphasized that confirmation is not a provisional event. In In re Szostek, the court held that absent fraud, confirmation of a debtor's plan binds both the debtor and the creditors. In re Szostek, 886 F.2d 1405, 1408-13 (3rd Cir. 1989). The court rejected the notion that legal error at confirmation permits later collateral attack, explaining that "the policy favoring the finality of confirmation is stronger than the bankruptcy court's and the trustee's obligations to verify a plan's compliance with the Code." Id. at 1406.

That principle applies here. ACHA received notice of the plan. The plan expressly assumed the lease and provided for cure. ACHA did not object. Confirmation followed. Under Szostek, the inquiry now is not whether the plan was perfect, but whether due process was satisfied. The undisputed record reflects that it was.

The Supreme Court reinforced these principles in United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260 (2010). There, a Chapter 13 plan discharged student loan interest without the adversary proceeding required by

5

statute. The creditor had notice and failed to object. The Court held that the confirmation order was enforceable notwithstanding legal error, emphasizing that Rule 60(b)(4) provides only a narrow exception to finality and that a judgment "is not void . . . simply because it is or may have been erroneous." Espinosa, 559 U.S. at 270 (quoting Hoult v. Hoult, 57 F.3d 1, 6 (1st Cir. 1995)). The Supreme Court made clear that other self-executing statutory provisions of the Bankruptcy Code do not create perpetual escape hatches from final judgments of confirmation. Id. at 273-78.[3]

**IV.**

Against that backdrop, In re Lemma 394 B.R. 315 (Bankr. E.D.N.Y. 2008) occupies a central place in the analysis and warrants extended discussion.

In Lemma, the debtors were repeat Chapter 13 filers. By operation of 11 U.S.C. § 362(c)(3), the automatic stay terminated thirty days after filing. The lender proceeded toward foreclosure. Meanwhile, the debtors proposed a plan curing arrears and reinstating the mortgage. The plan was confirmed. The lender did not object.

The lender argued that once the stay terminated, state-law rights controlled and the debtors could no longer bind the lender through a plan. The

---

[3] Espinosa addressed the interaction between 11 U.S.C. § 523(a)(8)-- a self-executing nondischargeability provision rendering student loan debt non-dischargeable absent a judicial determination of "undue hardship" obtained through an adversary proceeding-- and 11 U.S.C. § 1327(a), which gives binding effect to a confirmed Chapter 13 plan. The Supreme Court held that, notwithstanding the plan's failure to comply with § 523(a)(8) and the procedural requirements for an adversary proceeding, the confirmation order remained enforceable and binding because the creditor received notice of the plan's treatment of its claim and failed to object or appeal.

court rejected that argument in unequivocal terms. After acknowledging that termination of the stay permitted the lender to proceed in state court, the court explained that "[w]hat the Bank fails to recognize, and what is at the heart of this case, is that the termination of the stay under § 362 did not terminate Debtors' right to cure the prepetition arrears and reinstate the mortgage." In re Lemma, 394 B.R. at 322.

The court went on to state: "[T]here is nothing in the Code to even suggest that once the stay is terminated, Debtors can no longer bind the Bank under a plan which implements the cure and reinstatement provisions provided in the Bankruptcy Code." Id. And critically, the court emphasized that "under the Bankruptcy Code's statutory scheme, the confirmed plan is a binding agreement which supersedes any prior agreement between the debtor and its creditors." Id at 322-23.

Lemma is not just a foreclosure case. It is a structural decision that this Court finds persuasive. Section 362(c)(3) and § 362(b)(22) are functionally similar in that both limit the automatic stay early in the case. Neither provision purports to eliminate a debtor's ability to propose a Chapter 13 plan or a court's authority to confirm one. Lemma teaches that a creditor who believes stay termination entitles it to ignore confirmation must either object to the plan or complete enforcement before confirmation. Silence has consequences.

Pennsylvania bankruptcy courts have articulated the same principle regarding the binding nature of a confirmed plan. For example, in In re Miller,

7

Bankruptcy Judge Warren W. Bentz of this Court described confirmation as "the court's approval of a contract, in effect, between the debtor and the creditors." In re Miller, 325 B.R. 539, 943 (Bankr. W.D. Pa. 2005)(quoting In re Richardson, 283 B.R. 783, 801 (Bankr. D. Kan. 2002)). In In re Dickey, Bankruptcy Judge Mary France of the Middle District of Pennsylvania held that "the language of a Chapter 13 Plan, once confirmed, is to control the debtor/creditor relationship thereafter, even if the terms of the Plan violate the Code." In re Dickey, 293 B.R. 360, 363 (Bankr. M.D. Pa. 2003).

These cases reflect a consistent doctrinal line: confirmation is the pivot point. Before confirmation, enforcement rights may exist. After confirmation, rights are governed by the plan.[4]

## V.

Applying those principles here is straightforward.

Even assuming that § 362(b)(22) applied on the petition date (or the moment the Debtor failed to qualify for the safe harbor found at § 362(l)), it governed only whether ACHA could proceed unabated at that time. It did not

---

[4] The Court has located one reported decision that may be read as reaching a contrary conclusion: In re Cline, 386 B.R. 344 (Bankr. N.D. Ala. 2008). Cline represents a minority view and has been expressly rejected by other courts. See In re Beyha, 637 B.R. 443-45 (Bankr. E.D. Pa. 2022) (Frank, J.) (declining to follow Cline and holding that relief from the automatic stay does not divest the bankruptcy court of jurisdiction, extinguish the debtor's right to propose a plan, or negate the binding effect of a subsequently confirmed plan). This Court likewise finds Cline unpersuasive. It is non-binding authority from outside this Circuit, it does not apply the Third Circuit's confirmation-finality doctrine articulated in In re Szostek, and it predates the Supreme Court's decision in Espinosa, which makes clear that an order confirming a Chapter 13 plan is a final, binding judgment not subject to collateral attack based on alleged legal error where notice and an opportunity to object were provided.

deprive the Debtor of the ability to propose a plan. It did not deprive the Court of authority to confirm one. And it did not insulate ACHA from the binding effect of confirmation.

The Debtor's plan expressly assumed the lease and provided for cure. ACHA received notice. ACHA filed a claim. ACHA did not object. The Court confirmed the plan and entered an order expressly governing the lease relationship. ACHA accepted payments under that order.

Under Espinosa, Szostek and their progeny, like Lemma, ACHA is bound.

The Motion's request for a "comfort order" is therefore not a request for clarification. It is a request for this Court to declare that its own final judgment of confirmation of the plan has no operative effect. For the reasons set forth above, the Court denies such request.

## VI.

This decision does not trivialize § 362(b)(22), excuse the Debtor's petition error, or immunize the Debtor from eviction upon a post-confirmation default. It simply respects the structure Congress enacted and the finality doctrine courts have consistently enforced.

The Bankruptcy Code gives landlords powerful tools. It also gives debtors one of equal force: confirmation. Once wielded after notice and opportunity to object, it binds all creditors.

The Motion Seeking Comfort Order is denied. Should the Debtor default on the confirmed plan in the future, ACHA may petition the Court at that time and request relief to pursue applicable remedies; and the Court will duly consider such request based upon the law and circumstances presented. An Order consistent with this Memorandum Opinion shall be entered.

Date: January 14, 2026

_____
The Honorable Jeffery A. Deller

FILED
1/14/26 11:44 am
CLERK
U.S. BANKRUPTCY
COURT - WDPA